UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH RITTER,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant,
_____/

Case No. 1:14-CV-1286

HON. ROBERT J. JONKER

**OPINION**

        This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Judith Ritter seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act.

**STANDARD OF REVIEW**

        The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the

Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 58 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 13, 59). She graduated high school and was previously employed as an injection molding machine operator and tender, as well as a supervisor. (Tr. 50). Plaintiff applied for benefits on March 27, 2012, alleging that she had been disabled since July 30, 2011 due to diabetes, spinal problems, and high blood pressure. (Tr. 59, 118–121). Plaintiff's application was denied on June

28, 2012, after which time she requested a hearing before an ALJ. (Tr. 72–75, 78–79). On May 15, 2013, Plaintiff appeared with her counsel before ALJ Laurel Greene for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 29–58). In a written decision dated June 5, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 13–28). Thereafter, the Appeals Council declined to review the ALJ's determination, making it the Commissioner's final decision in the matter. (Tr. 1–6). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2013. (Tr. 16). Accordingly, to be eligible for benefits, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R.

---

[1]  1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

   2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

   3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

   4.  If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

   5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. § 404.1520(f)).

3

§§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Greene determined Plaintiff's claim failed at the fourth step of the evaluation. The ALJ initially found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 18). At the second step in the sequential evaluation, the ALJ determined Plaintiff had the following severe impairments: (1) degenerative disc disease; (2) diabetes; (3) degenerative joint disease of the right shoulder; and (4) obesity. (Tr. 18). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 18–19). At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform medium work as defined in 20 CFR 404.1567(c) as the claimant is able to lift and/or carry 50 pounds occasionally and 25 pounds frequently and sit, stand and/or walk for six hours in an eight hour workday, except: the claimant is unable to climb ladders, ropes or scaffolds and can frequently climb ramps and stairs, balance, stoop, kneel, crouch or crawl.

(Tr. 19). The ALJ also found at the fourth step that Plaintiff could perform her past relevant work as a machine operator, mold tender and supervisor-molding. (Tr. 23). The ALJ found that this work did not require the performance of work related activities precluded by her RFC. (Tr. 23).

Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from July 30, 2011, (the alleged onset date) through June 25, 2013 (the date of the decision). (Tr. 24).

## DISCUSSION

Plaintiff claims the ALJ erred in evaluating Plaintiff's severe impairments, RFC, and credibility. The Court will discuss the issues below.

### 1. Severe Impairments

Plaintiff first argues that the ALJ erred at step 2 in failing to find that Plaintiff's depression and anxiety were severe impairments. The Court disagrees.

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. An ALJ can consider such non-severe conditions in determining the claimant's RFC. *Id.* This is precisely what the ALJ did in this case. In discussing Plaintiff's RFC at step 4, the ALJ noted:

> [T]he claimant has not sought treatment for any mental impairment. In addition, while the claimant sought treatment at Borgess Hospital due to suicidal thoughts, the record indicates that this episode was caused primarily by financial stressors, not from any underlying mental illness. Furthermore, at the hearing, the claimant testified that she had no mental impairments. Therefore, I find that the claimant has no medically determinable mental impairments.

5

(Tr. 22). The ALJ's conclusion is supported by substantial evidence. For example, Plaintiff's application for benefits listed only diabetes, spinal problems, and high blood pressure as conditions that caused her to be disabled. (Tr. 59). At the administrative hearing, the ALJ asked the Plaintiff point blank: "Do you have any mental health issues?" Plaintiff responded "No." (Tr. 37). While Plaintiff sought treatment for suicidal thoughts in the past and attended at least two subsequent counseling sessions, Plaintiff later reported she was doing much better. (Tr. 292). Dr. Kathy Brittan stated that financial difficulties culminating in bankruptcy were the "trigger" of Plaintiff's issues. (Tr. 235). Accordingly, because the ALJ found Plaintiff had other severe impairments, and substantial evidence supports the ALJ's treatment of Plaintiff's complaints, the ALJ's failure to include other severe impairments at step two is legally irrelevant. *Anthony*, 266 Fed. Appx. at 457. Plaintiff's claim of error will be denied.

### 2. Credibility

Plaintiff next contends that her subjective complaints pertaining to her severe fatigue and pain, need to lie down, and impaired ability to reach due to right shoulder issues were not given sufficient weight, and therefore the RFC determination is not supported by substantial evidence. The Court again disagrees

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also, Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug.29, 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. § 404.1529(a); *see also*, *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997)

(quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 Fed. Appx. 981, 989 (6th Cir., Feb.10, 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004). Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (*citing Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 Fed. Appx. at 801 (*citing Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (*citing Walters*, 127 F.3d at 531); *see also, Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly

disregarded. *See Parley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 Fed. Appx. 508, 511 (6th Cir. Oct. 4, 2013) (citation omitted).

In discounting the Plaintiff's subjective allegations, the ALJ concluded:

> After considering the claimant's allegations and complaints, I find her to be less than fully credible. The record indicates that the claimant is noncompliant with treatment, as she does not check her blood sugars or take her medications as she should, that she leads a sedentary lifestyle and that she does not follow her prescribed diet. This suggests that her diabetes would be managed if she followed treatment. While the claimant has had some financial difficulty in affording her medications, she has been encouraged on numerous occasions to become more active and to eat healthier. The record indicates that she actually has no symptoms related to her diabetes, despite the fact that it is typically out of control. The objective evidence indicates that the claimant has only mild degeneration of the lumbar spine. While x-rays reveled some degeneration of the AC joint, the record indicates that she has not sought further treatment for this condition, which is inconsistent with her severe allegations. Notes from physical examinations longitudinally indicate that the claimant has normal gait, grip, strength and dexterity despite having some tenderness of the lumbar spine. In addition, the claimant testified at the hearing that she stopped working due to being laid off and that she is able to perform her activities of daily living at home. I note that no treating physician has provided an opinion regarding her claim for disability.

(Tr. 21).

Substantial evidence supports the ALJ's conclusion. Specifically as it relates to Plaintiff's reports of fatigue, chest pain, need to lie down, and impaired reaching, such allegations are not supported by the record. (Tr. 209–360). For example, treatment notes document occasions in which Plaintiff did not complain of fatigue, chest pain, or shortness of breath. (Tr. 261, 264, 316, 351). On a function report, Plaintiff did not check a box indicating that her impairments limited her

ability to reach. (Tr. 164). Regarding her ability to lift, Plaintiff merely stated she was limited to fifty pounds, which is not inconsistent with an RFC for medium work. *See* 20 C.F.R. § 404.1567(c).

Plaintiff also mentions the ALJ's reliance on the opinions of medical consultants and states, without citing to anywhere in the record, that the opinions of the consultants are inconsistent with the more restrictive opinions of Plaintiff's treating physicians. Plaintiff, however, does not develop these apparent facts into an argument upon which the Court could rule, and to the extent an argument is raised, the Court deems it waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones."). Even if the Court were to rule on the merits of the threadbare argument, however, Plaintiff would fail as the record does not appear to contain a medical opinion from a treating physician that places functional limitations on Plaintiff.

Plaintiff further argues, however, that the ALJ's credibility analysis is flawed because the "ALJ never discusses or evaluates [Plaintiff's] subjective complaints under 20 CFR 416.929(c)." (Dkt. #11, PageID 405). As the CFR and associated Social Security Rulings direct, in addition to the objective evidence, the ALJ is to consider the following factors when assessing the credibility of a claimant's statements regarding her symptoms:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
>
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

*See* SSR 96–7p, Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 at *3 (1996). Under SSR 96–7p, the ALJ is required to "consider" the seven-listed factors, but there is no requirement that the ALJ discuss every factor. *See White*, 572 F.3d at 287; *see also Parsons v. Astrue*, No. 1:09–cv–2695, 2011 WL 887618, at * 6 (N.D. Ohio Feb.17, 2011) ("The ALJ conducted the appropriate analysis pursuant to SSR 96–7p, although not articulated in the manner Plaintiff would prefer."); *Coleman v. Astrue*, No. 2:09–cv–36, 2010 WL 4094299, at *15 (M.D. Tenn. Oct.18, 2010) ("There is no requirement [ ] that the ALJ expressly discuss each listed factor."); *Roberts v. Astrue*, No. 1:09–cv–1518, 2010 WL 2342492, at * 11 (N.D. Ohio June 9, 2010) ("[T]he ALJ need not analyze all seven factors contained in SSR 96–7p to comply with the regulations.").

The ALJ's discussion of Plaintiff's credibility began with the relevant regulations and social security rulings, including SSR 96–7p. (Tr. 19). The ALJ's reference to SSR 96–7p indicates that he "considered" all the ruling's factors. *Brown v. Comm'r of Soc. Sec.*, No. 1:10–cv–705, 2012 WL 951556, at * 5 (W.D. Mich. Feb 27, 2012). While the ALJ was not required to explicitly discuss each of the above mentioned factors, it is clear from the above excerpt that she did discuss many of them. (Tr. 21). Plaintiff has shown no error, and thus her claim fails.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Dated:     December 3, 2015             /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        CHIEF UNITED STATES DISTRICT JUDGE